Filed June 19, 1884.

---

No. 11,409.

## BRATTAIN v. CANNADY.

GUARDIAN AND WARD.— *Breach of Duty.*—*Responsibility of Guardian for Consequence of his Corrupting Female Ward.*—Where a guardian of the person and estate of a minor, a female just entering womanhood, ignorant, chaste, of weak mind, and without living parents, took control of her person and placed her in his family as a servant, and, knowing her to be such a person, took indecent liberties with her person, thereby exciting her passion, telling her that it was not improper for her to permit him to do so, and that the act of sexual intercourse would not injure her, and thereafter, while she still so remained in his family, he, knowing her to be still ignorant and weak-minded, negligently suffered and permitted his son, a well grown lad, to sleep with her and to have sexual intercourse with her, whereby she became pregnant, the guardian is liable to the ward for the injury so suffered by her.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *H. A. Lee,* for appellant.
*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellee.

BLACK, C.—The appellant, Clara E. Brattain, prosecuting
her suit as a poor person, brought this action against the ap-
pellee. A demurrer to the complaint for want of sufficient
facts was sustained. The action was commenced in Novem-
ber, 1883.

The complaint alleged that on the 1st of October, 1881, the
plaintiff was only fifteen years of age, in stature small, just
verging into womanhood, without father or mother living,
chaste, uneducated, utterly ignorant of the meaning of the
terms sexual intercourse, and of the fact that pregnancy re-
sults from such intercourse, and so feeble in mind as to
be unable to discriminate between right and wrong; that
at said date the defendant was the duly appointed, qualified
and acting guardian of her person and estate, and he had
claimed to be acting in that capacity ever since; that shortly
after said date he took control of her person, placed her in
his family as a servant, and continuously afterward kept her
in that position until about four weeks before the commence-
ment of this suit; that on the 1st of December, 1881, the de-
fendant, in violation of his duty as her guardian and master,
and well knowing all the facts aforesaid, unlawfully took in-
decent liberties with her person, at said county, by then and
there unlawfully embracing her and handling her private
parts to such an extent as to excite her passions; and at the
same time he informed her that it was not improper for her
to permit his said caresses and to submit to his said embraces;
that he continued, almost daily, to take similar liberties with
her person, and to repeat to her that such conduct was not
improper, and that the act of sexual intercourse would not
injure her, during all the time she remained in his service and
under his control as aforesaid, well knowing that she still re-
mained ignorant and feeble in mind as aforesaid; that during
the last year she so remained in his service, he well know-

ing all the facts aforesaid, unlawfully, carelessly and negligently suffered and permitted his minor son, a well grown lad of about the age of the plaintiff, to sleep with her, and to repeatedly have sexual intercourse with her, by means of which sexual intercourse she became, and at the time of pleading was pregnant with a bastard child; that after her said pregnancy was advanced about four months, the defendant, well knowing her condition, took her to the residence of a neighbor and left her without a home or any means whatever to provide for her needs, and that, in consequence of her said pregnancy, she had become diseased and was rendered wholly unable to support herself by her labor, or to make any suitable provisions for her lying in and the expenses she would be compelled to incur in becoming the mother of an illegitimate child. " Wherefore the plaintiff says that by means of the unlawful and wrongful acts of the defendant aforesaid, and by reason of the unlawful and wrongful acts he suffered and permitted as aforesaid, she has sustained damage in the sum of $5,000," for which she demanded judgment.

This is a peculiar case. The improper and indecent acts of the defendant, which the plaintiff permitted, could not render him liable as for assault and battery; and his failure through negligence, to prevent his son from having sexual intercourse with the plaintiff, could not, of itself, render him pecuniarily liable.

The defendant was entitled under the statute, section 2518, R. S. 1881, to have the custody and tuition of the plaintiff. She was bound to submit to his exercise of that right, and she was entitled to his protection. He was bound to care for and to promote her moral, intellectual and physical welfare. Mr. Schouler, in discussing the duties of guardians (Dom. Rel., sec. 336), says: " Guardians, as we have seen, are seldom appointed where there is not some property. But even though the ward be penniless, we are not to suppose that one vested with the full right of custody can neglect with impunity those offices of tenderness which common charity as well as

parental affection suggests. For to the orphan he stands in some sense in the place of a parent, and supplies that watchfulness, care, and discipline which are essential to the young in the formation of their habits, and of which being deprived altogether, they would better die than live."

For the purpose of deciding the case, we must take the averments of the complaint to be true. Besides being of tender age and innocent, the girl was of weak mind, ignorant and unable to discriminate between right and wrong. Taking advantage of the confidential relation which he sustained to her and of the control which he possessed over her, he corrupted her and prepared her to be an easy victim of the lust of another person in his own household, where he kept her, and of her own passions, which he had excited, and of her ignorance and weak-mindedness, of which he had knowledge. When he had done the acts imputed to him, if they did not of themselves subject him to any pecuniary liability, and only constituted good ground for removing him from the guardianship, they placed upon him a requirement while she remained under his personal control, he knowing that she still continued ignorant and feeble minded, to protect her from the legitimate consequences of his acts and the surroundings in which he kept her.

If the complaint is true, certainly she has suffered grievously, and we can not say upon the whole complaint that her suffering is not the effect of his wrong, but, on the contrary, we think that the complaint sufficiently connects her injury with his breach of duty to make him liable for the damages which she claims. We are unwilling to say that the law affords her no redress but his removal from the guardianship.

We think the demurrer to the complaint should have been overruled.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellee.

Filed April 4, 1884. Petition for a rehearing overruled June 19, 1884.